65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fermin BARRAGAN-ESTRADA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70035.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 1
 Before: ALARCON, FERNANDEZ, and RYMER Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Fermin Barragan-Estrada, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (the "BIA") decision affirming an Immigration Judge's (the "IJ") denial of his application for discretionary relief from deportation under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1182(c). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a) and deny the petition for review.
 
 
 4
 We review the BIA's fact-finding to see if it is supported by substantial evidence, and the balancing of equities for section 212(c) relief for abuse of discretion. Yepes-Prado v. INS, 10 F.3d 1363, 1366 (9th Cir.1993). In deciding whether an applicant merits relief under section 212(c), the BIA must take into account the social and humane considerations presented in the appliant's favor and balance them against evidence of the applicant's undesirability as a permanent resident. Id. at 1365-66. "We may set aside the BIA's denial of section 212(c) relief 'only if the [BIA] failed to support its conclusions with a reasoned explanation based upon legitimate concerns.' " Ayala-Chavez v. INS, 944 F.2d 638, 642 (9th Cir.1991) (quoting Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987)).
 
 
 5
 Barragan-Estrada asks this panel to reconsider our decisions in Charlesworth v. INS, 966 F.2d 1323 (9th Cir.1992) and Elnager v. INS, 930 F.2d 784 (9th Cir.1991), which hold that the BIA has the authority to conduct a de novo review of the record without giving notice to the applicant. Only the court sitting en banc may overrule prior decisions of this court. See, e.g., Morton v. De Oliveira, 984 F.2d 289, 292 (9th Cir.1993).
 
 
 6
 Barragan-Estrada also argues that the BIA abused its discretion by denying his request for 212(c) relief. Barragan-Estrada contends that the BIA did not apply the proper analysis and that the BIA omitted favorable equities in its consideration of his request. We disagree. The BIA acknowledged Barragan-Estrada's favorable equities, including the fact that he began his lawful permanent residence in this country in 1966 at a young age and the fact that he has extensive family ties in this country. In fact, the BIA found that Barragan-Estrada's more than twenty eight years of residency alone constituted an outstanding equity. The BIA also noted that Barragan-Estrada submitted numerous letters written on his behalf from family members and friends and that Barragan-Estrada's mother and sister testified on his behalf. The BIA observed, however, that Barragan-Estrada had only a sporadic employment record, had not paid taxes, failed to complete a high school education, failed to provide financial support for his three children, provided his mother with minimal financial assistance, and failed to demonstrate that he was rehabilitated. Moreover, the BIA found that Barragan-Estrada's involvement in criminal activity for over fifteen of his twenty eight years of residency was also a negative factor. Because the BIA supported its conclusion with "a reasoned explanation based on legitimate concerns," we will not set aside the BIA's denial of section 212(c) relief. See Ayala-Chavez, 944 F.2d at 642.
 
 
 7
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3